United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REINE A. DE CIEL,

Plaintiff,

v.

MICHAEL LAMAR PORTER,

Defendant.

Case No. 3:25-cv-03351-JSC

**ORDER RE: MOTION TO DISMISS AND MOTION TO STRIKE**

Re: Dkt. Nos. 10, 22

Plaintiff Reine A. De Ciel, who is representing herself, brings a defamation claim against Michael Lamar Porter. Mr. Porter has filed a motion to dismiss for lack of personal jurisdiction, improper venue, improper service of process, and failure to state a claim as well as a motion to strike under California's Anti-SLAPP statute, Cal. Code of Civil Procedure 425.16. (Dkt. Nos. 10, 22.[1]) After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary and GRANTS Defendant's motion to dismiss for improper venue and improper service of process.

**DISCUSSION**

According to the Complaint, Plaintiff had an online relationship with Defendant for three years, but when he met her at "Kimbilio Hotel" on December 15, 2024 he deliberately misrepresented their online relationship causing her to be mistreated by hotel staff. (Dkt. No. 1 at 3.) When Defendant was "confronted about his behavior he falsely accused [Plaintiff] of extortion." (*Id.* at 4.) Defendant later sent Plaintiff a cease-and-desist letter. (*Id.* at 5.) Plaintiff brings a single claim for "defamation and slander" under 28 U.S.C. § 4101 and seeks $100,000 in

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

damages. (*Id*. at 2.)

**A. Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994). "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331," which is known as "federal-question jurisdiction," and "cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a)," which is known as diversity jurisdiction. *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Since Plaintiff filed this lawsuit in federal court, she "bears the burden of establishing subject matter jurisdiction." *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997).

Plaintiff checked the boxes for both federal question jurisdiction and diversity jurisdiction on her Complaint. (Dkt. No. 1 at 2.) As to federal question jurisdiction, "[a] plaintiff properly invokes" federal question jurisdiction "when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp*., 546 U.S. 500, 513 (2006). "A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 ... may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Id*. at 513 n.10 (quoting *Bell v. Hood*, 327 U.S. 678, 682–683 (1946)). Plaintiff lists 28 U.S.C. § 4101 as the basis for federal question jurisdiction, but this provision defines "defamation" for purposes of recognizing foreign defamation judgments and does not provide a private right of action. *Hall-Johnson v. City & Cnty. Of San Francisco*, 2018 WL 9903325, at *9 (N.D. Cal. Sept. 6, 2018) ("28 U.S.C. § 4101 is simply a definitional section (for statutes relating to foreign judgments) and does not provide a private right of action"); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (finding no federal question jurisdiction where plaintiff brought claims under criminal statutes which "provide no basis for civil liability."). Thus, Plaintiff's claim under 28 U.S.C. § 4101 fails as a matter of law and it is not a "colorable claim" that can provide the basis for federal

question jurisdiction.[2]

Plaintiff has, however, plausibly alleged facts supporting diversity jurisdiction. Plaintiff seeks $100,000 in damages (Dkt. No. 1 at 2), so the amount in controversy is satisfied. Plaintiff lists her address as being in San Francisco, California, which supports an inference she is a citizen of California. She does not specifically allege Defendant's citizenship, but she lists his address as "c/o Wolf Law Firm 1385 S. Colorado Blvd., Suite A, Denver, CO 802222 [sic]." (Dkt. No. 1 at 1.) This plausibly supports an inference he is not a California resident. Defendant does not offer any evidence to rebut this inference, and his contention that he is not subject to personal jurisdiction in California supports the inference he is not a California resident.

Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

**B. Personal Jurisdiction**

Defendant also moves to dismiss for lack of personal jurisdiction. "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014); *see also* Fed. R. Civ. P. 4(k)(1) ("Serving a summons ... establishes personal jurisdiction over a defendant ... who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."). "Because 'California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution,'" the Court's "inquiry centers on whether exercising jurisdiction comports with due process." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Daimler AG*, 571 U.S. at 125); *see also* Cal. Civ. Proc. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."). Due process requires the defendant "have certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

[2] To the extent Plaintiff's filings suggest she wishes to amend to allege a constitutional claim such as First Amendment retaliation, such a claim would not be viable. (Dkt. No. 31 at 3.) To bring a constitutional claim under 42 U.S.C. § 1983, the defendant must be acting "under color of state law [which] requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988).

*Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Plaintiff "bears the burden" of establishing personal jurisdiction exists. *In re Boon Global Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (quoting *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011)).

"A court's exercise of personal jurisdiction over a nonresident defendant may be either general or specific." *Doe v. Am. Nat. Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997). General jurisdiction requires that the defendant's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotation marks omitted). By contrast, specific jurisdiction requires a nonresident defendant's "suit-related conduct [to] create a substantial connection with the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). "Where there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers*, 582 U.S. at 264.

**1. General Jurisdiction**

Courts may only exercise general jurisdiction over an individual outside of their domicile when the individual's contacts with a forum are "so substantial, continuous, and systematic that the defendant can be deemed to be present in that forum for all purposes." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc). As Plaintiff does not allege Defendant is a California citizen, and the Complaint does not include any allegations supporting an inference he is a California citizen or is otherwise "at home" in California, Plaintiff has not met her burden of showing the Court can exercise general personal jurisdiction over Defendant.

**2. Specific Jurisdiction**

The Ninth Circuit uses a three-prong test to analyze specific jurisdiction:

> (1) the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum;
>
> (2) the claim must be one which arises out of or relates to the defendants' forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (cleaned up). While Plaintiff has not pled a viable defamation claim, the Court assumes, if given leave to amend, she would plead a defamation claim under state law as her allegations sound in defamation. Courts utilize the "purposeful direction" test for cases bringing a tort claim, such as defamation. *Id* at 1069 (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). Under this test, the defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom*, 874 F.3d at 1069.

Generally, "[t]he commission of an intentional tort in a state is a purposeful act that will satisfy the first two requirements [of the minimum contacts test]." *Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K.*, 757 F.2d 1058, 1064 (9th Cir. 1985). Plaintiff alleges Defendant committed the tort of defamation when he misrepresented their relationship to the hotel staff at the Kimbilio Hotel on December 15, 2024 and falsely accused her of extortion. When, as here, "Plaintiff[] alleges that Defendant[] committed the intentional tort of defamation while present in the forum state, the first two prongs of the minimum contacts test are satisfied." *Freestream Aircraft (Bermuda) Ltd. v. Aero L. Grp.*, 905 F.3d 597, 603 (9th Cir. 2018).

As the first two prongs of Axiom's specific jurisdiction test are satisfied, the burden shifts to Defendant to show the exercise of jurisdiction would be unreasonable. *Briskin v. Shopify, Inc.*, 135 F.4th 739, 751 (9th Cir. 2025) (stating if plaintiffs satisfies the first two prongs, "the burden shifts to [defendant] to present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.") Defendant's conclusory argument that "finding specific jurisdiction based on a nonresident's ephemeral stay in California violates traditional notions of fair play or substantial justice, and is simply unreasonable" fails to satisfy his burden to present a

compelling case the Court's jurisdiction over him would be unreasonable. (Dkt. No. 10 at 9.)

Accordingly, Defendant's motion to dismiss for lack of personal jurisdiction is denied.

**C. Improper Venue**

Next, Defendant moves to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Plaintiff bears the burden of showing venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). If the Court determines venue is improper, it must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Generally, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). As Plaintiff has not alleged Defendant resides in California, let alone in the Northern District of California, Plaintiff has not met her burden of demonstrating venue is proper here under Section 1391(b)(1) or (b)(3). Nor has Plaintiff alleged facts supporting venue in the Northern District of California under Section 1391(b)(2). According to the Complaint, the events underlying Plaintiff's allegations took place at the "Kimbilio Hotel Sacramento." (Dkt. No. 1 at 3.) That allegation supports an inference the hotel is located in Sacramento, California. But Sacramento is not in the Northern District of California; instead, it is in the Eastern District of California. So, venue is not proper in the Northern District of California under Section 1391(b)(2).

Accordingly, Defendant's motion to dismiss for improper venue is granted.

**D. Improper Service**

Defendant also moves to dismiss under Federal Rule of Civil Procedure 12(b)(5) for

improper service. Under Federal Rule of Civil Procedure 4(e), a summons may be served either in accordance with state law or by

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). Plaintiff bears the burden of establishing that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Here, the summons Plaintiff provided, which was served by the U.S. Marshal, was addressed to:

> C/O Wolf Law Firm,
> Re: Michael Lamar Porter
> 1385 S. Colorado Blvd. – Suite A
> Denver, CO 80222

(Dkt. No. 6.) While both Rule 4(e) and California law allow for substitute service on an individual by service on an agent authorized to receive service on behalf of a defendant, *see* Fed. R. Civ. P. 4(e)(2)(c); Cal. Code Civ. P. § 416.90, Defendant contends the Wolf Law Firm was not authorized to accept service of process on his behalf. (Dkt. No. 11, Wolf Decl. at ¶ 4 (attesting it is not and has not been authorized to accept service on Defendant's behalf). Plaintiff's alternative contention that service was proper because she also emailed Defendant the original documents at the time of filing at a publicly listed contact is unavailing as email is not a proper means of service under Fed. R. Civ. P. 4(e)(2).

Accordingly, Defendant's motion to dismiss for improper service is granted.

**E. Rule 12(b)(6)-Failure to State a Claim**

Finally, Defendant moves to dismiss for failure to state a claim. As discussed above, the Complaint alleges a violation of 28 U.S.C. § 4101 defamation and slander, but this provision does not provide a private right of action. *See Hall-Johnson v. City & Cnty. Of San Francisco*, 2018 WL 9903325, at *9 (N.D. Cal. Sept. 6, 2018) ("28 U.S.C. § 4101 is simply a definitional section

(for statutes relating to foreign judgments) and does not provide a private right of action"). To the extent Plaintiff seeks to plead a defamation claim, she may bring one under California law. *See Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1259 (2017) ("[t]he elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage.") (cleaned up). Under California law, Plaintiff must specifically identify the allegedly defamatory statements. *Kahn v. Bower*, 232 Cal. App. 3d 1599, 1612 n.5 (1991) ("[t]he general rule is that the words constituting an alleged libel must be specifically identified, if not pleaded verbatim, in the complaint.").

Because the Complaint in its current form does not plead an actionable claim, Defendant's motion to dismiss for failure to state a claim is granted.

**F. Anti-SLAPP Motion**

Defendant separately filed Motion to Strike under California's Anti-SLAPP statute, Cal. Code Civ. Pro. § 425.16. (Dkt. No. 22.) Given the Court's dismissal of this action for improper venue, insufficient service of process, and failure to state a claim, and because the Anti-SLAPP statute only applies to state and not federal claims and Plaintiff only pleads a claim under federal law, the motion is denied without prejudice. *See Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010) ("[a] federal court can only entertain anti-SLAPP special motions to strike in connection with state law claims.").

**CONCLUSION**

For the reasons stated above, the Court GRANTS Defendant's motion to dismiss for improper venue, improper service of process, and failure to state a claim; the motion to dismiss is otherwise DENIED. (Dkt. No. 10.) Defendant's motion to strike is DENIED without prejudice. (Dkt. No. 22.)

**Any amended complaint is due September 19, 2025**. Any amended complaint shall separately plead each claim and allege facts in support of each claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (cleaned up). If no amended complaint is filed by that deadline, the complaint will be dismissed without prejudice based on improper venue.

If an amended complaint is filed, the Court will screen the amended complaint pursuant to 28 U.S.C. § 1915 before ordering the amended complaint be served. If the Court orders the amended complaint to be served, Plaintiff will have to provide a proper address for service of process on Defendant.

Plaintiff is reminded she can contact the Legal Help Center for free assistance. She can make an appointment with the Legal Help Center by calling 415-782-8982 or emailing fedpro@sfbar.org.

This Order disposes of Docket Nos. 10, 22.

**IT IS SO ORDERED.**

Dated: August 28, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California